UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMA PLASTIC INDUSTRY,            )<br>    *Plaintiff/Counter-defendant*,    )<br>                                               )<br>    *vs.*                                   )<br>                                               )<br>PRITCHETT TWINE & NET WRAP, LLC, *et al.*,  )<br>    *Defendants/Counter-plaintiffs.*    ) | 1:11-cv-0783-JMS-DKL |

## ORDER TO SHOW CAUSE

Plaintiff Tama Plastic Industry ("Tama") initially filed this patent and trademark infringement action against two sets of defendants: 1) Defendants Pritchett Twine & Net Wrap, LLC, and Joseph Jerald Pritchett, also known as Jerald Pritchett ("the Pritchett Defendants"); and 2) Defendants Bale Supply, LLC, James Brown, and Zachary Brown ("the Brown Defendants"). [Dkt. 1.]  In its Complaint, Tama alleged that that the Brown Defendants had infringed on Tama's patent by distributing an accused product in Indiana that the Pritchett Defendants had imported to Nebraska from China. [Dkt. 1 at 6.]  Tama further alleged that the Brown Defendants were located in Indianapolis and, accordingly, venue in this District was proper. [Dkt. 1 at 2, 4.]

In their Answer, the Brown Defendants denied doing business in Indiana and denied distributing Pritchett's accused product. [Dkt. 24 at 2.]  Tama took no further action to prosecute its claims against the Brown Defendants, and ultimately the Brown Defendants were dismissed from this case by stipulation, [dkts. 144; 159].  The claims that remain in this action are between Tama, a business partnership based in Israel, and the Pritchett Defendants, who are located in Nebraska.  [Dkt. 1 at 1-2.]

A civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391.

Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources.  *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).  Under the broad authority afforded to district courts pursuant to 28 U.S.C. § 1404(a), this Court can transfer a case to a more appropriate forum *sua sponte*.  *See Runk v. United Fire & Cas. Co.*, 2009 U.S. Dist. LEXIS 93700, 24-25 (N.D. Ind. 2009).  Before doing so, however, the Court should give notice to the parties so that they have the opportunity to be heard regarding the proposed transfer.  *See Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994) ("[T]he district court should have solicited the parties' submissions before acting, to avoid what has happened in this case—extended disputation, potentially leading to another change of forum.").  The Court typically considers four factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the *situs* of material events and access to proof; and (4) the interests of justice.  *No Baloney Mktg., LLC v. Ryan*, 2010 WL 1286720, *10-12 (S.D. Ind. Mar. 26, 2010).

Again, the claims that remain in this action are between Tama, a business partnership based in Israel, and the Pritchett Defendants, who are located in Nebraska.  [Dkt. 1 at 1-2.]  It appears to the Court that no current Defendant is a citizen of this District and that no material events giving rise to Tama's action occurred in Indiana.  Instead, the material events giving rise to Tama's action primarily occurred in Nebraska, where the Pritchett Defendants are located.  It

further appears to the Court that it would be more convenient for the parties and the witnesses to litigate the remainder of this action in Nebraska.

For these reasons, the Court **ORDERS** the parties to file a joint statement by **August 10, 2012**, showing cause why this action should not be transferred to the United States District Court for the District of Nebraska after the Court promptly resolves the motions pending at dockets 124, 161, and 168.  If the parties cannot agree on the contents of a joint statement, they are ordered to file competing submissions by that date.  If this Court transfers this action to the United States District Court for the District of Nebraska, the Pritchett Defendants' Motion to Stay this Litigation, [dkt. 69], would be denied as moot on this Court's docket but would remain pending for the transferee court to resolve.

08/03/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@harrisonmoberly.com

Steven G. Cracraft
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
scracraft@brannonrobinson.com

William Kenneth Doss
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
wkd@brannonrobinson.com

Kenan Larry Farrell
KLF LEGAL
kfarrell@klflegal.com

David Eugene Novak
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
den@brannonrobinson.com

Arnold I. Rady
LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, LLP
arady@ldlkm.com

Arthur S. Robinson Jr.
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
asr@brannonrobinson.com