UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMA PLASTIC INDUSTRY, )<br>    *Plaintiff/Counter-defendant*, )<br>)<br>*vs*. )<br>)<br>PRITCHETT TWINE & NET WRAP, LLC, *et al.*, )<br>    *Defendants/Counter-plaintiffs.* ) | 1:11-cv-0783-JMS-DKL |

## **ENTRY**

On August 3, 2012, the Court issued an order denying Plaintiff Tama Plastic Industry's ("Tama") request for a preliminary injunction. [Dkt. 169.] Shortly after issuing that order, Tama's counsel requested that access to it be restricted to only the case participants because Tama believed that a portion disclosed confidential information subject to the parties' protective order. [Dkt. 42.] The Court temporarily restricted access the order and, after detailing case law regarding the strong presumption in favor of public access to court filings, the Court ordered each party to file a statement specifically setting forth any portion of the order it believed was confidential and what precedent supported its position. [Dkt. 171.]

Tama has filed a response to the Court's order and represents that the Defendants do not object to its position. [Dkt. 178.] In its response, Tama expresses concern that one paragraph of the Court's twenty-one-page order contains confidential trade secret information that would put it at a competitive disadvantage if it was released publicly. [*Id.* at 3-6.] Tama proposes that the Court redact that paragraph of its order by blacking out the numbers it references. [*See* dkt. 178-1.]

In order to maintain the secrecy of the information Tama believes to be confidential, the Court will omit its references to the numbers to which Tama directs it. The Seventh Circuit

Court of Appeals, however, has disapproved of opinions "with sentences and paragraphs blotted out." *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995). Instead, the Court is to make "oblique references" to the confidential information so that its entire decision can be made public. *Id.*

To comply with the Seventh Circuit's guidance on this issue, the Court will issue an amended order denying Tama's request for a preliminary injunction that contains oblique references to the confidential information. Only the challenged paragraph and the title of the amended order will be altered from the previously issued order. The Clerk is directed to maintain the previously issued order, [dkt. 169], under seal and the parties should treat it as confidential material pursuant to their joint protective order, [dkt. 42].

08/09/2012

                                                    Hon. Jane Magnus-Stinson, Judge
                                                    United States District Court
                                                    Southern District of Indiana

**Distribution via ECF only:**

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@harrisonmoberly.com

Steven G. Cracraft
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
scracraft@brannonrobinson.com

William Kenneth Doss
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
wkd@brannonrobinson.com

Kenan Larry Farrell
KLF LEGAL

kfarrell@klflegal.com

David Eugene Novak
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
den@brannonrobinson.com

Arnold I. Rady
LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, LLP
arady@ldlkm.com

Arthur S. Robinson Jr.
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
asr@brannonrobinson.com